IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MICHAEL HOBBS and KATHY RENE HOBBS | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 3:06-CV-2106-K |
| CITY OF DALLAS, et al. | § § | |
| Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Frederick P. Ahrens' ("Ahrens") Rule 12 Motion for Judgment on the Pleadings to Dismiss Plaintiffs' Claims (Document No. 12). Because Ahrens has been named as a defendant in his official capacity only, the real party in interest is Defendant City of Dallas. Further, naming Ahrens as a party-defendant is not necessary to protect Plaintiffs' right to appeal to this Court. Accordingly, the Court **GRANTS** the motion, and Ahrens is hereby **DIMISSED** from this case.

I.      **Factual and Procedural Background**

David Hobbs ("Hobbs") was a Deputy Marshal for the City of Dallas (the "City"). He was terminated on January 25, 2005 for failing to pass a fitness for duty evaluation. Hobbs appealed the City's termination decision to an administrative law

-1-

judge in accordance with the City's internal civil service procedures. See Dallas City Code § 34-40.  Ahrens who was retained by the City as an administrative law judge to adjudicate disputes that arise when City employees are terminated presided over Hobbs' administrative hearing.  According to Plaintiffs' Response, Ahrens did overturn Hobbs' termination; however, under Ahrens' order, Hobbs must be reexamined be a psychiatrist to determine whether he can continue to be employed by the City.

Hobbs and his wife, Kathy Hobbs, (collectively "Plaintiffs") filed this suit in the 14th District Court of Dallas County on October 25, 2006 to appeal Ahrens' decision. Plaintiffs appeal Ahrens' decision as part of the City's civil service process set forth in Chapter 34 of the Dallas City Code.  The suit was brought against (1) the City, (2) Ahrens, in his official capacity, (3) the City's Marshall, Joseph Polino, individually, and (4) Hector Collazo, individually.  Plaintiffs sued under 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 1983; and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Defendants removed this case to this Court on November 14, 2006.  Ahrens filed his Answer, and then subsequently, he filed this motion to dismiss for failure to state a claim upon which relief can be granted.

## II.    Legal Standard

Ahrens brings this motion under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)").  Because a post-answer Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion is untimely, a Rule 12(c) motion for judgment on the pleadings is the

appropriate vehicle to seek dismissal of this case. *Warzon v. Drew,* 60 F.3d 1234, 1237 (7th Cir. 1995)(where answer had already been filed, district court converted defendants' Rule 12(b)(6) motion to dismiss into a Rule 12(c) motion for judgment on the pleadings). The same standards applied to a Rule 12(b)(6) motion to dismiss are also applied to a Rule 12(c) motion on the pleadings. *Leamer v. Fauver,* 288 F.3d 532, 535 (3rd Cir. 2002).

Rule 12(b)(6) provides for a dismissal of a cause of action if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that Plaintiffs could prove no set of facts in support of its claims that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Capital Parks, Inc. v. S.E. Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, the plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). Plaintiffs' complaint will

not stand against this motion to dismiss if it appears no relief could be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 529 (5th Cir. 1996).

## III.    Analysis

Plaintiffs' pleadings are clear in that they have sued Ahrens in his official capacity only.  A suit against a government officer, like Ahrens, in his "official capacity" is, in effect, a suit against the governmental entity, such as the City in this case. *Hafer v. Melo,* 502 U.S. 21, 25 (1991)("Suits against state officials in their official capacity therefore should be treated as suits against the State."); *see also Brooks v. George County, Miss.,* 84 F.3d 157, 165 (5th Cir. 1996).  A suit against a person in his official capacity, therefore, is merely a pleading device; the real party in interest is the entity. *Kentucky v. Graham,* 473 U.S. 159, 195 (1985).  Accordingly, suing Ahrens in his official capacity is not necessary to effectuate this appeal.

Plaintiffs do not oppose Defendants' motion to dismiss; instead, they filed their Response to merely request the Court's guidance on the issue of whether an administrative law judge, such as Ahrens, must be named as a party to procedurally protect their right to appeal to this Court.  In fact, Plaintiffs named Ahrens as a Defendant in his official capacity only as a cautionary measure to safeguard their right to appeal.  In their Response, Plaintiffs state "there is no case law or statute on point that provides guidance as to naming the proper party when appealing to a district court

from civil service employment proceedings."

Plaintiffs cite *Connor v. Klevenhagen* which supports this Court's conclusion as stated by Plaintiffs that absent an explicit requirement in the law governing an appeal to a district court, the judicial or quasi-judicial party need not be named as a party to appeal a decision to a district court.  726 S.W.2d 205 (Tex. App.–Houston [14th Dist.] 1987, writ re'd n.r.e.).  In *Connor,* Mr. Connor, a deputy sheriff for the Harris County Sheriff's Department, was terminated for allegedly violating the department's policies. *Id.*  He exhausted his administrative remedies when he unsuccessfully appealed to the Harris County Sheriff's Department Civil Service Commission (the "Commission").  Mr. Connor ultimately appealed the department's termination decision to Harris County District Court by naming Sheriff Johnny Klevenhagen as the only defendant. *Id.* at 206. The trial court dismissed Mr. Connor's case for failing to name the Commission as a party-defendant within the statutory time period. *Id.*  The Houston Court of Appeals disagreed and reversed the trial court. *Id.*  The Court of Appeals reviewed the language of the relevant civil service statute and concluded that nothing in the statute required the Commission to be named as a party-defendant. *Id.* at 207.  In other words, the *Connor* Court held that absent a clear legislative mandate, naming the Commission which served in a quasi-judicial character was not necessary to appeal to a district court. *Id.*

Like the relevant civil service statute in *Connor,* the Dallas City Code which procedurally guides Plaintiffs' appeal does not specify who is required to be named as

a defendant in an appeal to the district court.  See Dallas City Code § 34-40(f)(2).  As in *Connor,* Ahrens is not a necessary party-defendant because nothing in the Dallas City Code requires him to be named as a party to appeal to this Court.  Because the City is the real party in interest and Ahrens is not a necessary party-defendant, the Court dismisses Ahrens from this case.

## IV.    Conclusion

Ahrens has been named as a defendant in his official capacity only; therefore, the real party in interest in this case is the City.  Further, Ahrens is not required to be named as a party-defendant to preserve his right to appeal.  Accordingly, the Court **GRANTS** Ahrens' motion for judgment on the pleadings, and Ahrens is hereby **DIMISSED** from this case.

**SO ORDERED.**

Signed March 20th , 2007.

ED KINKEADE
UNITED STATES DISTRICT JUDGE